RONALD J. NAFTAL, PLAINTIFF-RESPONDENT, v. TOWN-
SHIP COMMITTEE OF THE TOWNSHIP OF EASTAMP-
TON, A MUNICIPAL CORPORATION OF THE STATE
OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 19, 1973—Decided April 4, 1973.

Before Judges COLLESTER, LEONARD and HALPERN.

*Messrs. Apell, Forman and Howard,* attorneys for appellant (*Mr. Jerome J. Forman,* on the brief).

*Messrs. Hartman, Schlesinger, Schlosser and Faxon* attorneys for respondent (*Mr. Earl W. Balderman,* on the brief).

PER CURIAM. This is an appeal from a summary judgment entered in the Law Division directing defendant township to maintain its public records at the town hall and to make them available for public inspection and copying.

Plaintiff filed a verified complaint in lieu of prerogative writs alleging that he had been denied access to certain planning board records and other public records because they were not kept at the town hall but in the private homes of public officials. He demanded judgment that (1) records required by *N. J. S. A.* 40:55–1 *et seq.* be made available at the township clerk's office; (2) township officials be required to maintain public records at the town hall rather than in their homes, and (3) all municipal records be made available each day during regular business hours. Simultaneously therewith an order issued directing defendant to show cause 10 days later why the relief sought should not be granted. On the return day the township attorney appeared, a hearing was held, and summary judgment was entered.

▪ ■ Defendant has improperly included in its brief an affidavit by the township clerk which was not part of the record below. It will not be considered by the court on this appeal.

On appeal defendant raises two points, both of which were not urged below. It is first argued that the summary procedure followed was defective because no motion for an order to proceed summarily, supported by affidavits, was made, and that the return date of the order to show cause was prior to the expiration of the time within which defendant was required to answer the complaint. *R.* 4:67–2(b).

■■ While the proper procedure was not followed below it is well settled that our appellate courts will decline to consider questions or issues not properly presented to the trial court when opportunity for such presentation was available, unless the questions so raised on appeal go to the jurisdiction of the court or concern matters of great public interest. *Nieder v. Royal Indemnity Ins. Co.,* 62 *N. J.* 229, 234 (1973). It is clear that the procedural issue raised by defendant does not involve the jurisdiction of the court or the public interest.

In any event, the record indicates that defendant appeared below and argued the case as if the issues raised were matters for disposition by summary judgment. No objection was raised because of lack of compliance with *R.* 4:67–2(b) nor was an adjournment sought by defendant to submit affidavits on its own behalf. In fact, the core issue — that public records were not kept in the town hall — was not in dispute. We see no reason to remand the matter for a plenary hearing.

■ Defendant also argues in substance that there were insufficient facts before the trial court upon which to base the relief granted. We do not agree. The verified complaint alleged that planning board records were not kept in the town hall. *N. J. S. A.* 40:55–1.7 provides that such records shall be filed in the office of the municipal clerk and be made available for public inspection. It is undisputed that the municipal clerk's office in this case is in the town hall.

■ The complaint further alleged that other municipal records were not kept in the town hall but in the homes of township officials. At the hearing defendant's counsel conceded that this was true.

*N. J. S. A.* 40:48–6 provides that when any municipality maintains a municipal building "all books, records, data, accounts, maps and papers relating to the government or the conduct of municipal business and matters shall be kept therein." It further provides that the governing body may designate some other place for the safekeeping of its records "affording equal or greater security against fire and theft."

Neither at the hearing below nor on appeal is it alleged that defendant has designated a place other than the town hall for the safe-keeping of its records.

We conclude that the summary judgment should be affirmed.