212 N.J. Super. 28 (1986)
513 A.2d 367
GARY J. MAHON, PLAINTIFF-RESPONDENT,
v.
REILLY'S RADIO CABS, INC., AND ROBERT C. BRAVO, DEFENDANTS, AND NEW JERSEY TRANSIT BUS OPERATIONS AND MIGUEL CRUZ, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 19, 1986.
Decided July 31, 1986.
*31 Before Judges FRITZ, BRODY and GAYNOR.
W. Cary Edwards, Attorney General of New Jersey, attorney for appellants (James J. Ciancia, Assistant Attorney General, of counsel; Jerry Fischer, Deputy Attorney General, on the brief).
John R. Scott, attorney for respondent.
The opinion of the court was delivered by GAYNOR, J.A.D.
Defendants, New Jersey Transit Bus Operations (NJT) and Miguel Cruz, appeal from a judgment incorporating a jury verdict in plaintiff's favor in this personal injury action, and from an order denying the pretrial motion of these defendants *32 for summary judgment dismissing the complaint on the ground that plaintiff's exclusive remedy against these defendants was pursuant to the Workers' Compensation Law, N.J.S.A. 34:15-1, et seq. In appealing from the verdict, appellants contend the trial judge erred in failing to dismiss the complaint sua sponte because of the claimed failure of plaintiff to establish a duty, breach of duty or a causal relationship between their conduct and plaintiff's injury.
Plaintiff was employed by NJT at its Union City depot. On the morning of his accident, he traveled on an NJT bus, driven by defendant, Cruz, from Hoboken to his place of employment. He paid no fare as he was provided free transportation on all NJT buses as a benefit under his work contract and the Collective Bargaining Agreement between NJT and the Amalgamated Transit Union. Upon reaching the intersection of New York Avenue and 27th Street, the point where plaintiff was to get off, the bus stopped on an angle in its northbound lane of traffic, being unable to move to the curb because of parked cars. Plaintiff alighted from the bus and proceeded around the front of the bus, looked to his right and observed a car about a block away, then looked to his left but was unable to see beyond the bus because of the angle at which it had stopped. He continued across New York Avenue. When he was in the southbound lane he was struck by a taxicab which was passing the stopped bus. The issue of liability for the accident was submitted to the jury on theories of negligence, comparative negligence and proximate cause and the jury allocated responsibility for plaintiff's accident as follows: NJT/Cruz  75%, Reilly's Radio Cabs and the driver, Bravo  15%, and plaintiff  10%.
In denying the pretrial motion for summary judgment, the trial judge reasoned that plaintiff was not within the scope of his employment by NJT, as defined in N.J.S.A. 34:15-36, when the accident occurred because he had not reached his place of employment, he was not being paid travel time and he was not using an authorized vehicle in business authorized by his employer. *33 He also concluded the free commutation provided by NJT did not cause plaintiff to be in the course of his employment when struck by the car.
While conceding that the 1979 amendments to the Workers Compensation Act were designed to limit exceptions to the going and coming rule, defendants urge that the statute should be liberally construed to include the accident sustained by plaintiff as one arising out of a risk which was reasonably incidental to conditions and circumstances of his employment. It is further contended that the application of the mutual benefit doctrine compels a determination that the subject accident was compensable under the Act. We find these arguments to be unpersuasive.
Although bound by the principle requiring liberal interpretation and application of the Workers' Compensation Act, see Doe v. St. Michael's Med. Center, Newark, 184 N.J. Super. 1, 4 (App.Div. 1982), we may not impute a meaning to the statutory parameters of employment contrary to the plain language and intent of the legislation. Nebesne v. Crocetti, 194 N.J. Super. 278, 281 (App.Div. 1984). Adoption of appellant's argument would involve us in judicial legislation.
The pertinent provisions of the statute provide that
[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work ... provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site.... [N.J.S.A. 34:15-36.]
As we observed in Ward v. Davidowitz, 191 N.J. Super. 518, 523 (App.Div. 1983), the clear language of this definition is "keyed to the elimination of an employer's responsibility for accidents occurring in areas not under the employer's control unless the employee is required by the employer to be away *34 from the employer's place of employment." In that event, under the terms of the statute, the determining element of compensability centers on the direct performance of duties assigned or directed by the employer, except if the employee is paid travel time or utilizes an employer authorized vehicle, in which event the time spent traveling to and from the job site is the controlling factor. Hence, the travel time criterion is applicable only when the employee's injury is sustained while going to and from a job site distant from the place of employment and the employee is either paid for the time spent in so traveling or is transported in an employer authorized vehicle. The two elements  performance of assigned duties away from the place of employment and either payment for travel time or traveling in an authorized vehicle  are requisite elements for the application of the Act to an injury incurred while traveling to and from work.[1] If employment were intended to encompass the time spent traveling to and from the place of employment in transportation provided by the employer or when the cost thereof is reimbursed by the employer, the Legislature need not have differentiated between the "place of employment" and "a job site" in delineating the compensable areas of covered employment. Moreover, this differentiation preserves the "going and coming rule" and is consonant with the legislative purpose of the 1979 amendments to provide relief from the numerous exceptions to the rule which had evolved through judicial application of the prior statute. See Ward v. Davidowitz, 191 N.J. Super. at 522.
In the case before us, plaintiff's accident did not occur while he was traveling to a job site away from the employer's place of employment. Rather, he was injured while on the way to the place of employment. That he was provided free transportation *35 on NJT buses as a benefit of his employment, which he could utilize in commuting to work, does not operate to bring this travel within the scope of his employment. The language of N.J.S.A. 34:15-36 does not permit such a construction. As we noted in Nebesne, the 1979 amendments to the Act rejected the conclusion in Ricciardi v. Aniero Concrete Co., 64 N.J. 60 (1973), (which appellants would have us adopt in the present case), that if all or substantially all of the employee's travel expenses were reimbursed then accidents occurring during travel were compensable. Nebesne v. Crocetti, 194 N.J. Super. at 280-281.
In response to appellants' further contention, we acknowledge that the so-called mutual benefit doctrine has survived the statutory changes wrought by the 1979 amendments. See Chen v. Federated Dept. Stores, Inc., 199 N.J. Super. 336 (App.Div. 1985); Doe v. St. Michael's Med. Center, Newark, supra. However, we find that principle inapplicable to the situation presented by this case. While plaintiff was benefited by the free bus transportation furnished by his employer, we perceive no real corresponding benefit accruing to NJT. However, it may be that "employment being what it is by nature, the intrusion of an employer into his employee's travel habits, customs, or economics, necessarily implies some benefit to or for the employer," Pearce v. New Jersey Hwy. Auth., 122 N.J. Super. 342, 346 (App.Div. 1973), even though the intrusion is provided under the terms of a collective bargaining agreement. Nevertheless, this doctrine may not be utilized to overcome the plain language of N.J.S.A. 34:15-36 and to defeat the purpose of the legislation.
With respect to appellants' argument that the trial judge erred in failing to dismiss the complaint sua sponte, we note that the case proceeded from the pleadings to the verdict on theories of negligence and comparative negligence. Appellants made no pretrial application for a dismissal of the complaint based upon the absence of liability as a matter of law, nor did *36 they move for a dismissal of the action at the trial either at the end of plaintiff's case or upon completion of all the testimony. Despite their willingness to have the issues submitted to the jury, they claim that the trial court committed reversible error by not dismissing the complaint on its own motion because of the plaintiff's now alleged failure to establish the elements of a negligence claim: duty, breach of duty and proximate cause.
We note that appellants have not presented us with any authority in support of their contention that the trial judge erred in failing to dismiss the complaint on his own motion. Nor could appellants have done so, because there is no such authority. The suggestion that the court had the discretionary power to do so is in complete disregard of applicable procedural and substantive rules.
Furthermore, this attack upon the worthiness of plaintiff's proofs comes too late. As observed by the Supreme Court in Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229 (1973):
It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App.Div. 1959) certif. den. 31 N.J. 554 (1960).
Clearly, the issues raised on this appeal do not relate to the jurisdiction of the trial court or the public interest. See, e.g., Naftal v. Township Committee of Eastampton, 123 N.J. Super. 450, 452 (App.Div. 1973). Nor does the case concern a matter of considerable public importance involving public policy. See Brown v. Shaw, 174 N.J. Super. 32, 39-40 (App.Div. 1980). While this rule is qualified by the exception permitting original review by an appellate tribunal of errors which adversely affect the substantial rights of parties and have a clear capacity to bring about an unjust result, see Spiegle v. Seaman, 160 N.J. Super. 471, 484 (App.Div. 1978), this exception is not applicable in the present case.
*37 Nevertheless, we will consider appellants' contentions as an appeal from the court's denial of their motion for a new trial, mindful, however, of the presumption of correctness attaching to a jury verdict which preserves its validity unless it amounts to a manifest miscarriage of justice. See Baxter v. Fairmount Food Co., 74 N.J. 588, 598 (1977). In this regard, we are also constrained to defer to the trial judge's ruling because of his exposure to the intangible aspects of the trial such as the demeanor and credibility of the witnesses, the "feel of the case" and other criteria which are not transmitted by the written word. Dolson v. Anastasia, 55 N.J. 2, 6-7 (1969). Our review of the record satisfies us that the issues were properly submitted to the jury and that the verdict returned is not so shocking to the "conscience of the court" as to require a reversal.
Affirmed.
NOTES
[1] Employment under the Act also extends to the time during which an employee is engaged in the authorized operation of a vehicle on business authorized by the employer. This provision has no application to the facts of this case and thus we have made no reference to it.