231 N.J. Super. 348 (1989)
555 A.2d 713
ROSEMARIE CHISHOLM-COHEN, PLAINTIFF-RESPONDENT,
v.
COUNTY OF OCEAN, DEPARTMENT OF EMERGENCY SERVICES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1989.
Decided March 13, 1989.
*349 Before Judges LONG, MUIR, Jr. and KEEFE.
Dina R. Khajezadeh argued the cause for appellant (Berry, Kagan, Privetera & Sahradnik, attorneys; Joseph Scalia, of counsel; Joseph Scalia & Dina R. Khajezadeh, on the brief).
Mark Setaro argued the cause for respondent (Stark & Stark, attorneys; Mark Setaro, on the brief).
The opinion of the court was delivered by KEEFE, J.S.C. (temporarily assigned).
The issue to be decided is whether petitioner Rosemarie Chisholm-Cohen was in the course of her employment with respondent County of Ocean (Ocean) when she sustained injuries resulting from an automobile accident. The Workers' Compensation judge found that she was and Ocean appealed. We reverse.
The facts are not disputed. Petitioner was a training technician with Ocean's Department of Emergency Services. Her job was to provide training for firemen, first aid members, police *350 officers and emergency management personal. Petitioner's normal hours of work were from 8:30 a.m. to 4:00 p.m. However, she was also required to attend training sessions three to four nights per week and be on call 24 hours a day for which she carried a pager. She was issued a county owned car for her use and was driving that vehicle at the time of the accident.
On February 7, 1985, the Ocean County Auxiliary Police School was scheduled to have a training class at approximately 7:00 p.m. in petitioner's office located at the Miller Airpark. Her job was to set up the classroom, make coffee and insure that all records were in order. On the evening in question, petitioner left her office to go home and change her clothes. She was not required to leave the office during the period between the end of her normal work day and the night classes. However, since she tended to be a "workaholic," her supervisor encouraged her to go home for a while so that she could see her children, have dinner and "take a break." The automobile accident occurred on Route 530, approximately one-quarter to one-half mile from the intersection of the Miller Airpark access road and Route 530 while she was in route to her home. Petitioner's car was apparently struck head-on by another vehicle which veered into her lane.
We are mindful that the Worker's Compensation Act (Act) is given liberal interpretation "in order to afford a certain remedy." Doe v. St. Michael's Med. Center, Newark, 184 N.J. Super. 1, 4 (App.Div. 1982). However, "we may not impute a meaning to the statutory perimeters of employment contrary to the plain language and intent of the legislation." Mahon v. Reilly's Radio Cabs, Inc., 212 N.J. Super. 28, 33 (App.Div. 1986). Therefore, our analysis of this case must begin with the statute.
The relevant provisions of the Act as amended in 1979 provide:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment ...; provided, however, *351 when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent travelling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent travelling to and from a job site or the authorized operation of a vehicle on business authorized by the employer. N.J.S.A. 34:15-36.
As we observed in Ehrgott v. Jones, 208 N.J. Super. 393, 397 (App.Div. 1986), the 1979 amendment was simply a legislative formulation of the going and coming rule and was designed "to impose upon off-site accidents a more restrictive standard of compensibility."
We have had several opportunities to interpret the meaning of the 1979 Amendment as applied to specific factual circumstances. In Mangigian v. Franz Warner Assoc., Inc. 205 N.J. Super. 422, 426 (App.Div. 1985), we observed that "[b]y its very terms, the statute eliminates an employer's responsibility for accidents occurring in areas not under its control unless the employee is required to be away from the place of employment." (emphasis added). And in Mahon we held that where the facts of the case permitted a finding that the employee was required to be away from the employer's premises,
the determining element of compensibility centers on the direct performance of duties assigned or directed by the employer, except if the employee is paid travel time or utilizes an employer authorized vehicle, in which event the time spent travelling to and from the job site is the controlling factor. Hence, the travel time criteria is applicable only when the employee's injury is sustained while going to and from a job site distant from the place of employment and the employee is either paid for the time spent in so travelling or is transported in an employer authorized vehicle. The two elements  performance of assigned duties away from the place of employment and either payment for travel time or travelling in an authorized vehicle  are requisite elements for the application of the Act to an injury incurred while travelling to and from work. 212 N.J. Super. at 34. (emphasis added)
In Nemchick v. Thatcher Glass Mfg. Co., 203 N.J. Super. 137 (App.Div. 1985), the case upon which the Workers' Compensation judge rested his ruling and upon which petitioner now relies, it was conceded that the employee was required to *352 perform work away from his usual workplace. The question to be decided was whether he was still "engaged in the direct performance of duties assigned" within the terms of the statute when he was injured in an automobile accident driving his own car on the way home. In that respect Nemchick differs substantially from the facts of this case and is inapposite. It is clear that petitioner was not required by her employer to leave the premises nor was she on her way home to perform any duties assigned to her by her employer.
This case, unlike Nemchick, requires us to interpret the last exception contained in the statute  "the authorized operation of a vehicle on business authorized by the employer." N.J.S.A. 34:15-36. See Mahon, supra 212 N.J. Super. at 34. It is undisputed here that petitioner's operation of the vehicle owned by Ocean was authorized. However, such operation is only one of the two elements of proof required to succeed in making the accident compensible. Petitioner must also prove that the vehicle was being operated "on business authorized by the employer." N.J.S.A. 34:15-36. In Ohio Cas. Group v. Aetna Cas. & Sur. Co., 213 N.J. Super. 283 (App.Div. 1986), we held that simply because the employer specifically authorized the use of a company vehicle did not render an accident occurring during the course of that operation compensible. In that case compensibility was denied because the employee was not performing a work related task at the time of the accident, although he was operating a company owned vehicle with the specific authorization of his employer. As in the Ohio Casualty case, the plaintiff here, although operating a company owned car with the authorization of her employer, was not operating the vehicle "on business authorized by the employer" at the time of the accident. N.J.S.A. 34:15-36.
The judgment under review is reversed and the matter is remanded to the Worker's Compensation court for the entry of judgment in favor of the County.