686 A.2d 374

PATRICIA PERRY, PETITIONER–RESPONDENT, v. STATE OF
NEW JERSEY, DEPT. OF LAW AND PUBLIC SAFETY, DIV.
OF STATE POLICE, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 18, 1996—Decided December 27, 1996.

Before Judges SHEBELL, BAIME and BRAITHWAITE.

*Michael O'Brien*, Deputy Attorney General, argued the cause for appellant (*Peter Verniero*, Attorney General of New Jersey, attorney; *Mary C. Jacobson*, Assistant Attorney General, of counsel; *Mr. O'Brien*, on the brief).

*Grace Leslie* argued the cause for respondent (*Lawrence, Leslie & Kain*, attorneys; *Ms. Leslie*, on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

Respondent, The State of New Jersey, Department of Law and Public Safety, Division of State Police, appeals from the award of Workers' Compensation benefits to petitioner, Trooper Patricia Perry. We reverse and remand.

Petitioner filed a claim petition on May 16, 1994, for a back injury which she sustained while shoveling out her unmarked State Police troop car that was in her driveway, where it was stuck in the snow. Hearings were held on September 11, October 2, October 23 and November 13, 1995. At the close of the evidence, the judge found petitioner's injury occurred within the course of her employment and fixed her permanent disability at thirty percent of partial total.

The accident and injury occurred on February 15, 1994. The parties stipulated that petitioner was employed as a detective with the State Police. Her hours were normally 8:00 a.m to 4:00 p.m. or 9:00 a.m. to 5:00 p.m., unless something unusual, such as surveillance, was taking place. It appears that, at the time of the accident, she regularly reported to work at the training academy in Sea Girt, going to Trenton only once a week, although on occasion she worked from her home. Petitioner was assigned a

vehicle which she was required to use during the course of her work.

The injury occurred on the day petitioner was returning to work from her vacation. It had snowed while she was on vacation and her troop car became stuck in the snow as she tried to back out of her driveway. It took petitioner about five to ten minutes of shoveling and labor to free her car from the snow. When she straightened up, she experienced pain on her right side, from her buttocks to her ankle, so much that she had to balance herself on the car. When the pain subsided, she finished moving her car and went to work. She reported the injury to her supervisor the next day, when she went to Trenton. Because of continuing disability, petitioner had an MRI on February 24, 1994 that showed that she had a herniated right disc of the lumbar spine at the L5–S1 level. After surgery and a course of therapy, she returned to light-duty in July and to full-time duty on December 1, 1994.

The judge explained his finding of a compensable accident as follows:

> The facts are uncontested that petitioner is a New Jersey State Trooper and as such is required to drive a marked state car. She took the car home with her as she was allowed to do. On the morning of the accident, she was getting ready to report to work, but it had snowed overnight. The car was stuck in the snow. She began to dig the car out when she injured her back resulting in the ... diagnoses set forth hereinabove by me. There is no doubt in my mind that she in fact was [acting within the scope of her employment]. She is not allowed to use the car, the marked state police car, for any other purpose other than work.... She was digging the car out so that she could go to her assigned duties directly with that car. That car was necessary for her to perform her duties and she was charged with the care and custody of that car which in effect belonged to the State. In order to perform her duties she had to free the car from the snow and at that time she injured her back which resulted in the condition which is before me.... She traveled to and from work in an employee-owned [sic] vehicle which is compensable as per *N.J.S.A.* 34:15–36.

The sole issue before us is whether petitioner was acting within the scope of her employment when she injured her back while shoveling snow in her driveway in order to drive her troop car to work. The State urges that the "going and coming rule"

under *N.J.S.A.* 34:15–36 should govern to prevent petitioner from getting Workers' Compensation benefits.

A decision of an administrative agency such as the Division of Workers' Compensation should be reviewed under the standard set forth in *Close v. Kordulak Brothers*, 44 *N.J.* 589, 210 *A.*2d 753 (1965). The Supreme Court found that the findings of an administrative agency must be supported by " 'sufficient credible evidence present in the record.' " *Id.* at 599, 210 *A.*2d 753 (quoting *State v. Johnson*, 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964)). The Court further explained that when reviewing an agency determination, "due regard [should be given] to the agency's expertise where such expertise is a pertinent factor." *Id.* at 599, 210 *A.*2d 753.

■ However, when an appellate court is reviewing the ultimate determination, a different standard is utilized. An appellate court should "not upset a determination by [an agency] in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence, or that it violated legislative policies...." *Campbell v. Dept. of Civil Service*, 39 *N.J.* 556, 562, 189 *A.*2d 712 (1963). Since the State alleges that the determination that petitioner was entitled to Workers' Compensation benefits constituted legal error, we must be guided by this standard.

The Workers' Compensation Act ("Act"), prior to its amendment in 1979, did not specifically define "employment." *Zelasko v. Refrigerated Food Express*, 128 *N.J.* 329, 334, 608 *A.*2d 231 (1992). Therefore, our courts were compelled to develop what is known as the "going and coming" rule, which precluded a worker from receiving benefits where the injury arose " 'during routine travel to and from an employee's regular place of work.' " *Id.* at 334, 608 *A.*2d 231 (quoting *Watson v. Nassau Inn*, 74 *N.J.* 155, 158, 376 *A.*2d 1215 (1977)). However, many exceptions were crafted; so many, in fact, that the "going and coming" rule became almost obscure. *Id.* at 334, 608 *A.*2d 231.

Thus, when the Act was amended, the Legislature expressly defined "employment," *L.* 1979, c. 282, § 12, as set forth in

*N.J.S.A.* 34:15–36. *Id.* at 335, 608 *A.*2d 231. The Legislature also declared that the intent of this amendment was to remedy the effects of the many exceptions to the "going and coming" rule " 'by defining and limiting the scope of employment.' " *Id.* at 335, 608 *A.*2d 231 (quoting Senate Labor, Indus. and Professions Comm., *Joint Statement to Substitute for S.802 & A.840*, at 1 (Nov. 13, 1979)).

*N.J.S.A.* 34:15–36 defines employment as follows:

Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment . . .; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer.

[*Ibid.*]

The Supreme Court has interpreted this statute "as not allowing compensation for accidents occurring in areas outside of the employer's control, as when the employee is going to and coming from work." *Zelasko, supra,* 128 *N.J.* at 336, 608 *A.*2d 231. Nevertheless, the Supreme Court did recognize that certain exceptions applied to the general rule, including the "authorized-vehicle" exception. *Id.* at 337–40, 608 *A.*2d 231.

The *Zelasko* Court distinguished between two types of exceptions to the coming and going rule. *Zelasko, supra,* 128 *N.J.* at 337–340, 608 *A.*2d 231. The first, the "special-mission" exception, "allows compensation at any time for employees [ ] required to be away from the conventional place of employment," if actually engaged in the direct performance of employment duties. *Id.* at 336, 608 *A.*2d 231. The second, the "travel-time" exception, allows portal-to-portal coverage when an employee uses an employer-authorized vehicle or where an employee is paid for travel to and from a distant job site. *Ibid.* We find no *per se* rule in *N.J.S.A.*

34:15–36 that would impose compensability merely because an employer-owned vehicle is being operated by the employee.

Petitioner in this case was not traveling to a distant job site. She testified that she normally worked at the training facility in Sea Girt, which was where she was trying to go the day of her injury. The State-owned troop car, however, was an employer-authorized vehicle that petitioner was required to drive to work every day. Our courts have indicated that because the statute refers to "job site" rather than "place of employment," travel time to and from the regular work place is not covered under either exception unless the employee is paid for this travel time. *See Zelasko, supra,* 128 *N.J.* at 336–37, 608 *A.2d* 231; *Mahon v. Reilly's Radio Cabs, Inc.,* 212 *N.J.Super.* 28, 34, 513 *A.2d* 367 (App.Div.1986), *certif. denied,* 107 *N.J.* 79, 526 *A.2d* 159 (1987). Therefore, since there was no evidence that petitioner was paid for her travel time to and from her regular place of work, her accident is not compensable.

In *Chisholm–Cohen v. County of Ocean,* 231 *N.J.Super.* 348, 555 *A.2d* 713 (App.Div.1989), the petitioner, a county employee, was injured while driving a county-owned vehicle home from her place of employment. *Id.* at 349–50, 555 *A.2d* 713. Petitioner was not leaving work for the day; rather, she was going home to change her clothes during the period between the end of her regular work day and the night classes that she taught. *Id.* at 350, 555 *A.2d* 713. We reversed the Judge of Compensation's holding that petitioner was entitled to benefits. *Id.* at 349, 555 *A.2d* 713. We held that although petitioner was using a state authorized vehicle, she was not " 'on business authorized by the employer,' " as required under *N.J.S.A.* 34:15–36. *Id.* at 352, 555 *A.2d* 713.

Additionally, we must be cognizant of the fact that the Legislature specifically provided in *N.J.S.A.* 34:15–36 that a police officer is considered as acting in the course of employment when responding to or returning from an emergency, but did not include in this provision police officers traveling to and from work in their employer-owned or authorized vehicles. From this we conclude it

did not intend to define an officer's daily commute as in the course of employment even where the employer's vehicle is the means of transportation.

Although petitioner was required to use an employer-authorized vehicle, she was engaged in her daily commute to work and was not directed by her employer to report to a distant job site. Nor was she was conducting business authorized by her employer at the time of her injury. The record simply will not support a finding of "special-mission." Therefore, given the legislative intent to amend the "going and coming" rule to allow compensation only in certain specified instances, we conclude petitioner is not entitled to benefits and direct the dismissal of the claim petition.

Reversed.