708 A.2d 688

PATRICIA PERRY, PETITIONER–APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE, RESPONDENT–RESPONDENT.

Argued December 2, 1997—Decided February 3, 1998.

*Grace A. Leslie,* argued the cause for appellant (*Lawrence, Leslie & Kain,* attorneys).

*Mary C. Jacobson,* Assistant Attorney General, argued the cause for respondent (*Peter Verniero,* Attorney General of New Jersey, attorney; *Ms. Jacobson* and *Michael D. O'Brien,* Deputy Attorney General, on the briefs).

PER CURIAM.

In a reported opinion, 296 *N.J.Super.* 158, 686 *A.*2d 374 (1996), the Appellate Division reversed the judgment of the Division of Workers' Compensation that awarded benefits to petitioner, Trooper Patricia Perry, and remanded the matter to the Division for dismissal of the petition. Based on the record presented to the Appellate Division, we agree with its disposition and are substantially in accord with the reasoning on which its disposition was premised:

> Although petitioner was required to use an employer-authorized vehicle, she was engaged in her daily commute to work and was not directed by her employer to report to a distant job site. Nor was she ... conducting business authorized by her employer at the time of her injury. The record simply will not support a finding of "special-mission." Therefore, given the legislative intent to amend the "going and coming" rule to allow compensation only in certain specified instances, we conclude petitioner is not entitled to benefits and direct the dismissal of the claim petition.
>
> [*Id.* at 164, 686 *A.*2d 374.]

While Trooper Perry's appeal was pending before this Court, the State moved for and was granted leave to supplement the record with the certification of William J. Brennan, State Claims Manager, and Circular Letter No. 93–04–GSA, in order to set forth the policy of the State concerning Workers' Compensation coverage for employees assigned State vehicles and the rationale for that policy. The State also was granted leave to file a supplemental brief. The following excerpt from the Brennan certification summarizes the relevant State policy and its underlying rationale:

> 10. While the State of New Jersey recognizes that the use of a State vehicle by a State employee to travel between his residence and his official work station constitutes a benefit to the State employee, that benefit is considered as incidental to the benefit to the State employer, which requires that the State employee be able to travel to any part of the State at a moment's notice.
>
> 11. Because a State employee's use of a State vehicle, even to travel between the State employee's residence and his official work station, is viewed by the State as being primarily for the benefit of the employer, namely the State of New Jersey, the State has always considered State employees who are injured while driving State vehicles between their residences and their official work stations to be on "official state business" and therefore covered for [W]orker's [sic][C]ompensation benefits.

12. Historically, the State of New Jersey has provided and continues to provide, [W]orker's [sic][C]ompensation benefits to all State employees who are authorized to use State vehicles and who are injured while operating such vehicles to travel between their residences and their official work stations.

13. The State of New Jersey has no obligation to insure its motor vehicles, *Ross v. Transport of New Jersey*, 114 *N.J.* 132 [553 *A.*2d 12] (1989), and does not voluntarily insure them. In return for State employees giving up the flexibility of using their own vehicles and the insurance coverage they have on those vehicles, which includes PIP, the State determined to provide [W]orkers['][C]ompensation benefits, including medical benefits, to employees who are injured when driving State cars on official business, including commuting. The State similarly provides defense and indemnification to State employees involved in accidents while driving State vehicles on authorized business, including commutation. These coverages are provided out of a sense of fairness and, as to the tort concerns, because refusing coverage would require State employees driving State cars to look to their personal automobile insurance for tort coverage, possibly creating cost problems for employees and jeopardizing their personal insurance coverage.

In its supplemental brief, the State acknowledges that it argued before both the Division of Workers' Compensation and the Appellate Division that Trooper Perry's injuries should not be compensable because they were incurred during commutation. The State now concedes, however, on the basis of Circular No. 93–04–GSA, that the State typically "would provide [W]orkers['] [C]ompensation coverage for State employees who are injured while driving to work in State cars." The State continues to oppose extending benefits to Trooper Perry on the narrower ground that when she sustained her injury she was shoveling snow in her driveway to enable her to back her State vehicle out of the driveway in order to commute to work. Thus, the State now asserts that her injury is not compensable because she was not in her State car and had not yet begun her commute to work when the injury occurred.

Trooper Perry responds that prior to her injury she had started the vehicle and proceeded to back out of the driveway, but could not get to the street because of the previous night's snowfall. Because of her work commitments that morning, she asserts that she had no alternative but to leave her vehicle and manually shovel the snow from the driveway, in the course of which she sustained severe injury. She argues that a fair reading of the State policy memorialized in Circular No. 93–04–69A, and elabo-

rated on in the Brennan certification, demonstrates that her injury occurred in the course of her commute to work and therefore is compensable.

We decline to resolve the issue presented for the first time in this Court on the basis of an expanded record. During oral argument before us the State asserted that if Trooper Perry had begun her commute she would have been entitled to benefits under the so-called "authorized vehicle exception," *N.J.S.A.* 34:15–36, see *Zelasko v. Refrigerated Food Exp.*, 128 *N.J.* 329, 337–40, 608 *A.*2d 231 (1992). The State rests that argument on the State policy reflected in Circular No. 93–04–GSA, contending that State workers who drive State vehicles between their residences and work stations are on official State business and therefore covered by the Act. The State also acknowledged that it would be plausible for a court to construe the circular as authorizing the payment by the State of Workers' Compensation benefits under circumstances not required by the Workers' Compensation Act, as interpreted by judicial decisions. The State contended, nevertheless, that it was empowered to pay Workers' Compensation benefits to its employees even if not required to do so by the Act.

In this unusual procedural posture, it is not necessary for us to consider or decide whether Circular No. 93–04–GSA authorizes the State to pay Workers' Compensation benefits not required under the Act. We recognize that if the Circular were interpreted to authorize the payment of benefits not statutorily prescribed by the Act, the Division of Workers' Compensation may not have jurisdiction over a proceeding seeking review of the denial of a claim for benefits based solely on the Circular. Nevertheless, because this proceeding commenced in the Division of Workers' Compensation, without objection by the State, we deem it appropriate and consistent with the interests of justice to remand the matter to the Division to resolve Trooper Perry's claim for benefits on the basis of the policy reflected in Circular No. 93–04–GSA. As a matter of sound discretion, the Judge of the Division of Workers' Compensation may permit the parties to supplement the

record to the extent necessary for a full resolution of the claim petition. Jurisdiction is not retained.

So ordered.

*For affirmance and remandment*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.