**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3660-20

HENRY KEIM,

     Petitioner-Appellant,

v.

ABOVE ALL TERMITE & PEST
CONTROL,

     Respondent-Respondent.

_____

Argued October 4, 2022 – Decided October 12, 2022

Before Judges Geiger, Susswein, and Berdote Byrne.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2020-26474.

April M. Gilmore argued the cause for appellant (The Epstein Law Firm, PA, attorneys; April M. Gilmore, of counsel and on the briefs; Jeffrey B. Richter, on the briefs).

Anne Hammill-Pasqua argued the cause for respondent (Capehart & Scatchard, PA, attorneys; Anne Hammill-Pasqua, of counsel and on the brief).

PER CURIAM

Petitioner Henry Keim appeals from a Workers' Compensation Division order dismissing his claim petition for medical benefits with prejudice, based on a finding that the injuries suffered by Keim caused by a motor vehicle accident were not compensable under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -147 (the Act), because Keim was not acting within the course and scope of his employment at the time of the accident when he was driving his employer's vehicle from his home to the shop of his employer, respondent Above All Termite & Pest Control (Above All), to restock the chemicals he used at work sites. We reverse and remand for further proceedings.

We take the following facts, which are largely undisputed, from the record, which included a two-day evidentiary hearing. Keim and Michael Zummo, the owner of Above All, testified at the hearing.

Keim was a salaried employee of Above All, working as a pesticide applicator. He traveled from his home in a company assigned vehicle to residential and commercial properties, where he applied pesticides and performed other pest control techniques. He and other company employees drove home in their company assigned vehicles at the end of each workday.

The pesticide application services Keim performed for Above All were performed off-premises. Zummo made the work assignments, which Keim received in advance via a company assigned iPad.

The pesticides that Keim applied and the traps he placed at worksites were obtained from Above All's shop in Forked River. Zummo directed employees not to carry large quantities of pesticides and supplies in their company assigned vehicles because he did not want the chemicals exposed for long periods to summer heat or winter cold, and wanted to limit the risk of products being stolen. Whether Keim would go directly to the remote work site or to Above All's shop to restock supplies would depend on the services to be performed and the supplies available in his assigned vehicle at the time. Keim testified that Zummo preferred employees pick up supplies in the morning for that workday and supplies not remain in the assigned vehicles overnight.

On July 16, 2020, at 6:05 a.m., Keim was on his way to Above All's shop to replenish the supplies needed to perform the jobs he was assigned to that day.[1] Keim was involved in a serious motor vehicle accident, hitting his head on the inside of the vehicle and losing consciousness and claims he injured his left

---

[1] Petitioner testified that he was going to Above All's shop to replenish his supplies at Zummo's direction.

A-3660-20

flank and ribs.  Keim declined transport to a hospital and was seen by a nurse practitioner later that same day.  Keim promptly reported the accident.

About two months later, Keim experienced balance issues and promptly reported the symptoms to Above All, which advised Keim to seek medical assistance.  A CT scan revealed bilateral subdural hematomas that required immediate surgery on October 1, 2020.  Keim continued to follow up with the surgeon through January 2021.

On October 21, 2020, Keim filed a workers' compensation employee claim petition.  Above All filed an answer asserting a general denial of the allegations in the petition.  Above All then filed a motion to dismiss the claim petition that contended Keim's injuries did not arise out of and in the course of employment.

While the dismissal motion was pending, Keim filed a motion for temporary and/or medical benefits, seeking authorization for unspecified post-surgical medical treatment and temporary disability benefits commencing September 29, 2020.  Above All opposed the motion, disputing compensability.

The evidentiary hearing took place in March and May 2021.  On July 13, 2021, the Judge of Compensation (JWC) heard oral argument and issued an oral decision and order dismissing Keim's petition with prejudice, determining that the injuries Keim suffered in the accident were not compensable under the Act

A-3660-20

because Keim was not acting within the course and scope of his employment at the time of the accident.

The JWC relied on <u>Chisolm-Cohen v. Cnty. of Ocean, Dep't of Emergency Servs.</u>, 231 N.J. Super. 348, 352 (App. Div. 1989) and three unpublished opinions,[2] and concluded that Keim's injuries were not compensable under N.J.S.A. 34:15-36, "when he's simply driving to his office," because when doing so "he's not in the course and scope of his employment . . . ." The JWC reasoned:

> He went home because his job was over the night before. He was on his way to work. He had not yet come under the control [of] his employer. Yes, he had to go and pick up his stuff, but I find that to be irrelevant since he was on his way to his place of employment.

This appeal followed. Keim argues:

> THE WORKERS' COMPENSATION COURT ERRED IN ITS FINDING THAT APPELLANT WAS NOT IN THE COURSE OF HIS EMPLOYMENT AS DEFINED BY N.J.S.A. 34:15-36.
>
> A. Keim Was In The Direct Performance Of The Duties Required Of Him By His Employer At The Time Of The July 16, 2020 Accident, Thereby Entitling Him To Benefits Under The Workers' Compensation Statute.
>
> 1. Keim Was Engaged In The Direct Performance Of Duties Assigned And

---

[2] Unpublished opinions have no precedential value, are not binding upon any court, and shall not be cited by any court. <u>R.</u> 1:36-3.

Directed By Respondent At The Time Of The Accident.

2. Respondent's Physical Location Was Not Keim's "Place Of Employment."

3. Keim's Activities At The Time Of The Accident Were Not Personal In Nature, And He Was Not Commuting To His Office.

B. The Workers' Compensation Judge Misapplied Case Law Interpreting N.J.S.A. 34:15-36 And Its Exceptions To The Facts Presented.

"Courts generally give 'substantial deference' to administrative determinations." Lapsley v. Twp. of Sparta, 249 N.J. 427, 434 (2022) (quoting Earl v. Johnson & Johnson, 158 N.J. 155, 161 (1999)).

> [I]n the workers' compensation context, the scope of appellate review is limited to a determination of "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge their credibility."
>
> [Ibid. (quoting Earl, 158 N.J. at 161).]

"Deference must be accorded [to] the factual findings and legal determinations made by the Judge of Compensation unless they are 'manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to

6

offend the interests of justice.'" Ibid. (quoting Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003)). "However, we are not 'bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'" Id. at 434-35 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). "Instead, we review an agency's interpretation of a statute de novo." Id. at 435 (citing Russo v. Bd. of Trs., PFRS, 206 N.J. 14, 27 (2011)).

Keim argues that he was performing duties required by Zummo, Above All's owner. He further contends that he was not commuting to work. Instead, Keim maintains he was engaged in an activity specifically directed by his employer—driving an assigned vehicle to Above All's shop to retrieve the chemicals necessary to fulfill his work that day.

The Act provides benefits to an employee resulting from an "accident arising out of and in the course of employment . . . without regard to the negligence of the employer." N.J.S.A. 34:15-7. The Act further provides:

> Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties

assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer.

[N.J.S.A. 34:15-36.]

"The Workers' Compensation Act 'is humane social legislation designed to place the cost of work-connected injury on the employer who may readily provide for it as an operating expense.'" Lapsley, 249 N.J. at 435 (quoting Livingstone v. Abraham & Straus, Inc., 111 N.J. 89, 94-95 (1988)). "Therefore, 'provisions of the Act have always been construed and applied in light of [its] broad remedial objective.'" Ibid. (quoting Livingstone, 111 N.J. at 95); see also Sager v. O.A. Peterson Const., Co., 182 N.J. 156, 169 (2004) (stating that courts "must remain mindful" that the Act "must be liberally construed 'in order that its beneficent purposes may be accomplished'" (quoting Torres v. Trenton Times Newspaper, 64 N.J. 458, 461 (1974))).

Prior to 1979, the Act had "broad statutory language defining compensable accidents as those arising out of and in the course of the employment." Hersh v. Cnty. of Morris, 217 N.J. 236, 243 (2014) (quoting Watson v. Nassau Inn, 74 N.J. 155, 158 (1977)). However, workers'

compensation jurisprudence at the time recognized the "going and coming rule," which excluded workers' compensation benefits for accidental injuries that occurred during routine travel to or from the employee's place of work. Ibid. (quoting Watson, 74 N.J. at 158). The going and coming rule was subject to numerous exceptions that allowed awards of workers' compensation benefits, to the point where our Supreme Court concluded that the general going and coming rule had a rather limited applicability, extending only to routine daily trips to or from an employee's fixed place of business during hours at the beginning or end of the day. Id. at 243-44 (citing Briggs v. Am. Biltrite, 74 N.J. 185, 190 (1977)).

In response, the Legislature amended the Act to restrict the definition of "employment." Id. at 244 (citing N.J.S.A. 34:15-36). "[S]pecifically, a section was added 'to establish [] relief from the far-reaching effect of the "going and coming rule" decisions by defining and limiting the scope of employment.'" Ibid. (citing Joint Statement of the Senate and Assembly Lab., Indus. & Pros. Comm. to S. 802 and A. 840 at 2 (November 13, 1979)).

"With the 1979 amendments, the 'going and coming rule' was replaced with the premises rule." Ibid. (quoting Kristiansen v. Morgan, 153 N.J. 298, 316 (1998)). The premises rule states that an injury to an employee "arises out of and in the course of employment if the injury takes place on the employer's

9

premises." Ibid. (quoting Kristiansen, 153 N.J. at 316). N.J.S.A. 34:15-36 nevertheless provides two exceptions to the premises rule that allow benefits to an employee where the injury did not occur on the premises of the employer: (1) the special mission exception, and (2) the authorized operation of a business vehicle exception. Id. at 244 n.1.

The "special-mission" exception "allows compensation when the employee is required to be away from the conventional place of employment for business purposes, and travel was an indispensable part of the performance of the employee's job duties." Jumpp v. City of Ventnor, 351 N.J. Super. 44, 48-49 (App. Div. 2002), aff'd, 177 N.J. 470 (2003) (citing Zelasko v. Refrigerated Food Express, 128 N.J. 329, 336-37 (1992)). The authorized operation of a business vehicle exception requires authorized operation of a business vehicle "on business authorized by the employer." Chisholm-Cohen, 231 N.J. Super. at 352. Here, the facts fall within the latter exception.

Furthermore, "when an employer directs or requires an employee to undertake an activity, 'that compulsion, standing alone, brings an activity that is otherwise unrelated to work within the scope of employment.'" Sager, 182 N.J. at 163 (quoting Lozano v. Frank DeLuca Constr., 178 N.J. 513, 532 (2004)).

10

"Because off-premises employees may not report to a single 'premises,' the statute provides that they are to be compensated only for accidents occurring in the direct performance of their duties." Jumpp v. City of Ventnor, 177 N.J. 470, 483 (2003). "Employees who are where they are supposed to be, doing what they are supposed to be doing, are within the course of employment whether on- or off-premises, except when they are commuting." Ibid.

Here, Keim's injuries are compensable under the authorized operation of a vehicle exception. It is undisputed that he was operating an authorized business vehicle on business authorized by Above All in accordance with Zummo's directive that employees only carry a limited quantity of supplies in their assigned vehicles. Keim was instructed by Zummo to restock supplies in the morning. He was on his way to Above All's shop to do exactly that when the accident occurred.

Above All acknowledges that Keim was an off-premises employee. Keim was told not to keep more than one container of a specific work product in his work assigned vehicle. Above All's policy required Keim and other pesticide applicators to go to Above All's shop to restock pesticides and supplies. These facts are materially different from cases where an employee is merely commuting to work or engaging in personal activities unrelated to work.

11

The JWC's reliance on <u>Chisolm-Cohen</u> is misplaced. The facts in <u>Chisolm-Cohen</u> are clearly distinguishable. There, at the time of the motor vehicle accident, the employee was driving a county-owned car on her way home to change her clothes after normal hours ended and before a nighttime training session started. 231 N.J. Super. at 350. Unlike in this case, at the time of the accident, the employee in <u>Chisolm-Cohen</u> was not performing a work-related task or operating the vehicle "on business authorized by the employer." <u>Id.</u> at 352 (quoting N.J.S.A. 34:15-36).

Keim was engaging in services within the course and scope of his employment at the time of the accident and performing duties that were expressly authorized and directed by his employer, thereby falling within the authorized operation of a business vehicle exception. Therefore, his injuries were compensable under the Act.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3660-20