NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2114-21

ROBERT ALAM,

      Petitioner-Respondent,

v.

AMERIBUILT CONTRACTORS,

      Respondent-Appellant.

_____

APPROVED FOR PUBLICATION

October 28, 2022

APPELLATE DIVISION

Argued October 13, 2022 – Decided October 28, 2022

Before Judges Gooden Brown, DeAlmeida and Mitterhoff.

On appeal from an interlocutory order of the Division of Workers' Compensation, Department of Labor and Workforce Development, Claim Petition No. 2018-12976.

Travis K. Jablonski argued the cause for appellant (Brown & Connery, LLP, attorneys; Travis K. Jablonski, on the brief).

Respondent has not filed a brief.

    The opinion of the court was delivered by

MITTERHOFF, J.A.D.

Ameribuilt Contractors appeals the workers' compensation judge's February 1, 2022 order disqualifying its assigned insurance counsel on the basis of a perceived conflict between Ameribuilt's workers' compensation carrier, Travelers Property Casualty Insurance Co. (Travelers), and Travelers' ostensible insured, respondent Robert Alam. Based on our review of the record and the governing legal principles, we conclude the court erred in finding that a conflict existed, and thus there was no basis for the disqualification. Accordingly, we are constrained to reverse.

On March 27, 2018, respondent was involved in a motor vehicle accident in which he sustained injuries. Respondent retained attorney Michael Pescatore of Weiner Mazzei, LLC to file a workers' compensation claim against appellant, who is his employer. Travelers, appellant's workers' compensation carrier, assigned defense of the claim to Brown & Connery, LLP (B&C). Pertinent to the issue on appeal, although Alam is the acting president and fifty percent owner of Ameribuilt, the company's policy with Travelers does not provide any type of coverage to Ameribuilt's employees or shareholders. Rather, Ameribuilt NJ Inc.[1] is the sole named insured.

---

[1] Although designated in the caption as Ameribuilt Contractors, the corporate name in the declarations page is Ameribuilt NJ Inc.

B&C filed an answer to respondent's claim, in which it confirmed coverage and admitted that Alam was an employee of its insured. The answer indicated whether the accident happened in the course of Alam's employment, a prerequisite to recovery, remained under investigation. In that regard, respondent claimed that he was traveling from a project at 7 Stillman Avenue in Bergenfield, NJ to his office in Westwood, NJ. The accident, however, was at the intersection of Soldier Hill Road and Pascack Road in Paramus, NJ. Because the accident's location involves a detour from the route between Bergenfield and Westwood, the carrier questioned whether respondent's accident occurred in the course of employment. See generally Mahon v. Reilly's Radio Cabs, Inc., 212 N.J. Super. 28, 34 (App. Div. 1986) (discussing the "going and coming rule" and compensability of claims occurring in transit).

Thereafter, appellant and respondent engaged in settlement negotiations, which included a discussion about whether respondent's claim would survive Ameribuilt's motion to dismiss on the issue of compensability. Because of the disputed liability, the parties agreed that a lump sum settlement for a dollar figure under N.J.S.A. 34:15-20 (Section 20) was appropriate.[2]

---

[2] N.J.S.A. 34:15-20 provides, in relevant part:

"For a Section 20 lump-sum settlement to be effective, the only statutory requirements are that [(1)] the settlement be approved by the judge of compensation as 'fair and just under all the circumstances,' and [(2)] that the settling petitioner be represented by counsel." Kibble v. Weeks Dredging & Const. Co., 161 N.J. 178, 188 (1999) (quoting N.J.S.A. 34:15-20). In accordance with the statute, after agreeing to a lump-sum settlement, B&C sent the judge a request for approval, accompanied by a signed settlement affidavit (Section 20 Order), and a copy of the employee's injury permanency exam. In response to B&C's email, the judge wrote:

> You have a conflict. [Employee] owns [Ameribuilt] and you are taking a position adverse to [employee].

---

> Dispute; submission to division; order approving settlement.
> … After a petition for compensation … has been filed, seeking compensation by reason of accident…and when the petitioner is represented by an attorney of the State of New Jersey, and when it shall appear that the issue or issues involve the question of jurisdiction, liability, causal relationship … and the petitioner and the respondent are desirous of entering into a lump-sum settlement of the controversy, a judge of compensation may with the consent of the parties, after considering the testimony of the petitioner and other witnesses, together with any stipulation of the parties, and after such judge of compensation has determined that such settlement is fair and just under all the circumstances, enter "an order approving settlement."

> If [employee] as the owner of the company is stating [that] he was in [the] course of employment[,] you are in direct conflict with [your] client. The carrier must assign someone to represent the [employee] and someone to represent [Ameribuilt].

On February 1, 2022, the judge formally rejected the proposed settlement and entered the order, which is the subject of this appeal. The order directed:

> Brown and Connery is removed as counsel on this case because it has an inherent conflict between Ameribuilt Contractors and Ameribuilt Contractors' Insurer Travelers Property Casualty Co. Ameribuilt Contractors is owned 50% by petitioner Alam. Travelers is denying the compensability of the accident which is against the interest of its insured. Travelers shall assign counsel for itself and for Ameribuilt on or before March 14, 2022.

On March 17, 2022, we granted Ameribuilt's motion for leave to appeal.

Thereafter, the judge issued an amplification of reasons for her decision, in which she explained:

> The insurer Travelers is not a party to this suit even though it retained B&C to defend the claim. In this case, assigned insurance counsel--B&C--is challenging the validity of the claim filed by the petitioner who is the president/owner of the respondent/insured.
>
> The Court also asked B&C who it represented[,] and counsel advised he represented both Travelers and Ameribuilt. The Court advised counsel that was incorrect. The attorney assigned by an insurance carrier to provide a defense to the insured does not and

5

cannot represent the interests of the insurance carrier. See, N.J. RPC 1.7 (the ethics rule prohibiting concurrent conflicts of interests). . . . It is obvious that B&C is taking its direction from the insurer Travelers and not from the insured Ameribuilt.

Appellant presents the following arguments for our consideration:

POINT I

THE [JUDGE'S] ORDER MUST BE REVERSED BECAUSE THE ORDER IMPROPERLY INTERFERES WITH APPELLANT'S CHOICE OF COUNSEL

POINT II

THE [JUDGE'S] ORDER MUST BE REVERSED BECAUSE THE ORDER IMPROPERLY REJECTS A PROPOSED SETTLEMENT DESIRED BY ALL PARTIES

POINT III

THE [JUDGE'S] ORDER MUST BE REVERSED BECAUSE CORPORATIONS ARE SEPARATE LEGAL ENTIT[I]ES FROM THEIR SHAREHOLDERS

On appeals from the Division of Workers' Compensation, "[c]ourts generally give 'substantial deference' to administrative determinations." Earl v. Johnson & Johnson, 158 N.J. 155, 161 (1999) (quoting R & R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175 (1999)). "In the workers' compensation context, the scope of appellate review is limited to a determination of 'whether the findings made could reasonably have been

6

reached on sufficient credible evidence presented in the record,' considering 'the proofs as a whole.'" Id. at 161 (quoting Dietrich v. Toms River Bd. of Educ., 294 N.J. Super. 252, 260-61 (App. Div. 1996), 148 N.J. 459 (1997)). Appellate courts are "in no way bound by an agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

"[A] determination of whether counsel should be disqualified is, as an issue of law, subject to de novo plenary appellate review." City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010). Where "the trial judge had no factual disputes to resolve on credibility grounds and only legal conclusions to draw, we are not required to defer to the trial judge's findings" or ultimate decision. State v. Bruno, 323 N.J. Super. 322, 331 (App. Div. 1999). "[A]lthough persons are entitled to retain qualified counsel of their own choice, there is no right to demand to be represented by an attorney disqualified because of an ethical requirement." Reardon v. Marlayne, Inc., 83 N.J. 460, 477 (1980).

The judge may order the removal of counsel where there is a violation of the Rules of Professional Conduct. Here, the judge disqualified B&C based on a violation of R.P.C. 1.7, which states, in pertinent part, that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." In evaluating whether a conflict exists, however, we are mindful that

"[a] corporation is regarded as an entity separate and distinct from its shareholders." Tully v. Mirz, 457 N.J. Super. 114, 123 (App. Div. 2018) (quoting Strasenburgh v. Straubmuller, 146 N.J. 527, 549 (1996)). Additionally, "a corporation is regarded in law as an entity distinct from its individual officers, directors, and agents." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 761 (1989) (citation omitted).

Guided by these well-established legal principles, we conclude the judge erred in finding a conflict between Travelers and Alam. In reaching that conclusion, the judge failed to distinguish Ameribuilt, the corporation, from Alam, an owner and shareholder. The judge correctly relied upon Montanez v. Irizarry-Rodriguez for the proposition that "it is clear that insurance counsel is required to represent the insured's interest as if the insured hired counsel directly." 273 N.J. Super. 276, 286 (App. Div. 1994). In this case, however, the sole named insured is Ameribuilt, and neither Travelers nor B&C have taken any position adverse to the company.[3] To the contrary, the successful pursuit of a viable liability defense clearly inured to the company's benefit.

---

[3] Nor has Travelers' litigation position impeached the credibility of the company. Cf. Montanez, 273 N.J. Super. at 286 ("Permitting insurance counsel to impeach the credibility of an insured places counsel in a position of representing conflicting interests, and actually permits counsel to elevate the insurer's interest over the insureds. Such practice cannot be condoned.").

Moreover, if unsuccessful, it is indisputable that Travelers would cover the loss. Cf. Bartels v. Romano, 171 N.J. Super. 23, 26-29 (App. Div. 1979) (stating, in dicta, that auto insurance carrier's disclaimer of coverage on certain counts of the complaint on the basis they were solely recoverable on a separate $25,000 homeowner's policy created a conflict between carrier and insureds, in that its coverage position exposed the insureds to an underinsured loss).

The judge's concern about the control of the defense is misplaced. B&C confirmed that they were "retained" by Travelers but "would need to have an attorney client relationship with the named insured." The pursuit of a viable defense to the company's liability is not only permitted, but required, under Ameribuilt's insurance contract with Travelers, providing that: "[Insurer] ha[s] the right and duty to defend, at [insurer's] expense, any claim, proceeding or suit against [Ameribuilt] for damages payable by this insurance. [Insurer] ha[s] the right to investigate and settle these claims, proceedings and suit."

We appreciate the judge's attentiveness to what she genuinely but mistakenly believed to be an ethical transgression. That said, we are constrained to reverse and remand to a different judge for the limited purpose of determining whether the settlement terms are fair and reasonable in accordance with the statute.

A-2114-21

To the extent that we have not addressed appellant's remaining arguments, we find that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10