203 N.J. Super. 137 (1985)
495 A.2d 1372
MARK NEMCHICK, PETITIONER-RESPONDENT,
v.
THATCHER GLASS MANUFACTURING COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1985.
Decided August 5, 1985.
*139 Before Judges MATTHEWS, FURMAN and HAVEY.
Richard J. Riordan argued the cause for appellant, Thomas H. Green, attorney (Richard J. Riordan on the brief).
J. Edward Palmer argued the cause for respondent (J. Edward Palmer on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
This workers' compensation appeal raises the question of whether an employee who is injured while driving home after completion of an employment-assigned, off premises task, should be deemed to be in the "course of employment." Resolution of the issue requires us to interpret the meaning of the 1979 amendment to the Workers' Compensation Act (act) which adds a paragraph to the definition of employment under N.J.S.A. 34:15-36. The amendment, intending to provide "relief from the far-reaching effect of the `going and coming rule' decisions by defining and limiting the scope of employment," see Joint Legislative Statement to L. 1979, c. 283, reads as follows:
Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer. Travel by a policeman or fireman in responding to an emergency shall be deemed to be in the course of employment. [Emphasis supplied].
The judge of compensation found petitioner's accident to be compensable because petitioner had received or was entitled to receive reimbursement for travel expenses, a result clearly at variance with our holding in Nebesne v. Crocetti, 194 N.J. Super. *140 278 (App.Div. 1984), where we stated that "[r]egardless of make-whole reimbursement for expenses, a traveling employee is not in the course of his employment ... unless the employee is receiving employment wages for the time thus spent traveling." Id. at 281. We nevertheless affirm here, and hold that petitioner was "required by [respondent] to be away from [respondent's] place of employment ..." and was "... engaged in the direct performance of duties assigned or directed by [respondent] ..." when the accident, which caused petitioner's injuries, occurred. N.J.S.A. 34:15-36.
The essential facts are not in dispute. Petitioner was employed by respondent on a fixed salary as supervisor of the "select and pack" department. His regular work hours were from 7:00 a.m. to 5:00 p.m. at respondent's plant, located in Wharton, Morris County. At 4:45 p.m. on a work day, petitioner received instructions from his supervisor to report to Johanna Farms in Flemington, Hunterdon County, approximately 50 miles away from respondent's plant, no later than 10:30 p.m. in order to investigate a problem with glass products which had been shipped to Johanna Farms. In his two months of employment with respondent, petitioner had been dispatched on approximately five such assignments ranging in location from South Jersey to Connecticut. Petitioner went home at 5:00 p.m., showered and ate before leaving on the trip. He arrived there at 10:00 p.m. and worked through the night until 8:00 a.m. the following morning. On his way home he stopped at a coffee shop for breakfast and phoned in his report to respondent. After leaving the coffee shop and while proceeding homeward, petitioner blacked out at the wheel of his car and collided head-on with another vehicle on route 206 in Chester, Morris County. Petitioner's trip home from Johanna Farms to Blairstown, Warren County, was a significantly different route than his normal route home from respondent's Wharton plant. Petitioner received no additional income for the travel time to and from Johanna Farms.
*141 Prior to the 1979 amendment to the act, the common-law rule that injuries sustained by an employee having fixed hours and place of work, while going to and from work, was not compensable, had been significantly eroded by exceptions to the rule which evolved through case law. See 1 Larson, Workmen's Compensation Law, (Bender 1984), § 15.11 at 4-3; Hammond v. Great Atlantic & Pacific Tea Co., 56 N.J. 7, 11 (1970); Wyatt v. Metropolitan Maintenance Co., 74 N.J. 167, 173 (1977); Hornyak v. Great Atlantic & Pacific Tea Co., 63 N.J. 99, 103-104 (1973).
We observed in Ward v. Davidowitz, 191 N.J. Super. 518, 523 (App.Div. 1983) that the 1979 amendment was intended to exclude compensability for "lunch-break type accidents," citing Judge Napier's article "Impact of the Reform Act of 1980," 96 N.J.L.J. 17 (August 1981), where he commented that the amendment in question was:
[d]esigned to remove from compensability certain cases heretofore held compensable where special hazards existed en route to the employer's premises, off-premises injuries sustained during lunch hour and injuries sustained while traveling at the employer's direction but deviating from a direct line of travel to pursue a purely personal activity. [At 18].
A common-law exception clearly distinguishable from those cited by Judge Napier is the "special mission" exception which is described by Dean Larson as follows:
When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself. 1 Larson, Workmen's Compensation Law, supra, § 16.10 at 4-123.
See also Briggs v. American Biltrite, 74 N.J. 185 (1977) (injury while en route to work a Sunday overtime shift); Mikkelsen v. N.L. Industries, 72 N.J. 209, 218 (1977) (injury while en route home from union meeting); O'Reilly v. Roberto Homes, 31 N.J. Super. 387 (App.Div. 1954) (decedent killed while driving home at night from day-time job site after performing extra *142 task of lighting oil heater); Binet v. Ocean Gate Bd. of Ed., 90 N.J. Super. 571 (App.Div. 1966) (teacher killed while returning home after P.T.A. meeting). But see Muller v. Island Heights Volunteer Fire Co., 93 N.J. Super. 311 (App.Div. 1967) (volunteer fireman not in line of duty while returning home from regular company meeting at 11:00 p.m.); Hebrank v. Parsons, 88 N.J. Super. 406 (App.Div. 1965) (accident during return trip at 3:00 a.m. with petitioner's group chief from tavern 25 miles from motel where they were staying while on job).
The evident intent of the Legislature was to preserve the "special mission" exception to the "going and coming rule" when an employee is away from the work place at his employer's direction and "when the employee is engaged in the direct performance of duties assigned ... by the employer...." We noted in Ward v. Davidowitz, supra, 191 N.J. Super. at 523, that the amendment was to eliminate an employer's responsibility for accidents occurring in areas not under the employer's control unless the employee is required to be away from the work place by the employer. In that event, the central inquiry must be whether the employee was in the direct performance of his assigned duty. In finding that the record failed to support compensability for an off-premises accident during a lunch break, we nevertheless observed that there may be a "special circumstance or arrangement" which would bring an off-premises injury within the definition of employment under N.J.S.A. 34:15-36. Id. at 524.
There can be no question that petitioner was actually "engaged in the direct performance of [his assigned] duties" while at Johanna Farms. Respondent concedes in its brief that "an argument may be ... made that coverage continued up until when [petitioner] phoned in his report from the coffee shop, because [petitioner] was still in the direct performance of duties assigned ... by ... respondent ..." It urges, however, that petitioner's "direct performance of duties" ended after he left the coffee shop for his trip homeward. This time and place distinction made by respondent is specious. While this interpretation *143 of the statutory language has appeal as a simplistic resolution of the issue, it ignores the underlying rationale for the "special mission" rule as developed by case law prior to the amendment, which we must presume the Legislature was "thoroughly conversant with" when the amendment to the act was enacted. See Brewer v. Porch, 53 N.J. 167, 174 (1969); Nebesne v. Crocetti, supra, 194 N.J. Super. at 281.
We choose not to undertake defining the outer perimeter of the phrase "direct performance of [an employee's] duties" as envisioned by the Legislature. Whether an employee is deemed within the course of employment must be resolved on a case-by-case basis. Suffice it to say that we view the particular fact pattern before us as a "special circumstance or arrangement" of a type intended by the Legislature to survive the 1979 revision of the act, and that the entire journey to and from Johanna Farms was in the direct performance of petitioner's assigned duties. After petitioner's regular 8-hour shift, he was unexpectedly requested by his supervisor to journey 50 miles to an unfamiliar place to perform an assignment for respondent's benefit which required 10 hours to accomplish. He was faced with making his homeward journey after approximately 27 sleepless hours. The inconvenience, disruption of petitioner's normal daily routine, and, no doubt, enhanced exposure to hazard because of weariness and fatigue would not have ensued but for the work-related assignment, the benefits of which inured exclusively to respondent. That inconvenience and enhanced exposure to hazard was no less present after petitioner phoned in his report to respondent. In short, we are completely satisfied that petitioner's entire journey home was "sufficiently substantial to be viewed an an integral part of the service itself." Larson, Workmen's Compensation Law, supra, § 16.10 at 4-113. To conclude otherwise would do violence to the remedial purpose and spirit of the act. See Briggs v. American Biltrite, supra, 74 N.J. at 188. We do not view the "cost-saving" purposes of the 1979 amendments to the act, see *144 Poswiatowski v. Standard Chlorine Chemical Co., 96 N.J. 321, 331 (1984), as compelling any different result.
Finding that petitioner's accident occurred while in the course of his employment, the judgment of the court below is affirmed.