208 N.J. Super. 393 (1986)
506 A.2d 40
FREDERICK J. EHRGOTT, JR., PLAINTIFF-APPELLANT,
v.
HERBERT W. JONES, ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MICHAEL C. JONES, DECEASED, AND GEORGE S. PEARSON, DEFENDANTS-RESPONDENTS.
FREDERICK EHRGOTT, JR. AND JANE EHRGOTT, PLAINTIFFS-RESPONDENTS,
v.
GEORGE S. PEARSON, JOHN DOE AND JOHN DOE CORPORATION, DEFENDANTS, THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
HERBERT W. JONES OF ESTATE OF MICHAEL C. JONES, THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1986.
Decided February 28, 1986.
*394 Before Judges PRESSLER, DREIER and BILDER.
Bruce R. Fadem argued the cause for appellant Frederick J. Ehrgott, Jr. (Bruce R. Fadem, attorney; Gregory A. Molyneux, on the brief).
Alan H. Bernstein argued the cause for respondent Frederick J. Ehrgott, Jr. (Brach, Eichler, Rosenberg, Silver, Bernstein, *395 Hammer & Gladstone, attorneys; Alan H. Bernstein, of counsel; Jules Farkas, on the brief).
Wendy S. Bornstein argued the cause for respondent Herbert W. Jones (O'Donnell, McCord, Leslie & O'Toole, attorneys; Wendy S. Bornstein, on the brief).
No brief was filed on behalf of respondent George S. Pearson.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
The narrow issue raised by this appeal is whether an employee is within the course of his employment pursuant to the intendment of N.J.S.A. 34:15-36 while traveling to an out-of-state professional meeting. Under the facts of this case, we hold that he is.
Plaintiff Frederick Ehrgott, a research chemist then employed by Hoechst-Roussel Pharmaceuticals, Inc., was grievously injured in an automobile accident on March 28, 1982. At the time, plaintiff was on his way to Newark Airport for a flight to Las Vegas, where he was planning to attend the annual meeting of the American Chemical Society. He was a passenger in an automobile driven by his coemployee Michael C. Jones, who was also to attend the meeting. A second passenger in the car was going to drive it back from the airport. While on their way to pick up a third employee who was joining them on the trip to Las Vegas, their car was struck by an automobile driven by George Pearson. Both Jones and the other passenger in his car were killed and plaintiff was seriously and permanently disabled. Hoechst-Roussel viewed the accident as occurring during the course of employment and assumed its workers' compensation obligations to plaintiff.
Plaintiff's claims against Pearson were settled for the policy limits, and plaintiff proceeded against Jones' estate. Following a pretrial evidentiary hearing, the complaint was dismissed on the ground that since the accident occurred during the course of both Jones' and plaintiff's employment, workers' compensation *396 coverage provided plaintiff's exclusive recourse for the consequences of a coemployee's negligence. Plaintiff appeals.
The trial judge found that Hoechst-Roussel, as part of its effort to provide its technical employees with continuing education, offered them a variety of on and off premises professional activities, including the opportunity, at its expense, to attend one scientific convention each year. The employer prepared an annual list of those professional meetings to which it encouraged attendance and circulated the list among those of its employees who were eligible for the program. Each employee would then state which two or three meetings he would prefer to attend, and an administrator then assigned each employee to one meeting, attempting to accommodate individual preferences. The employer paid all business-related expenses incurred in attending the meetings, including airfare, ground transportation, hotel bills and meals. Travel arrangements were made directly by the employer, but employees using their own automobiles for any part of the transportation were reimbursed for that expense. Regular salary was paid during meeting attendance, all of the employees apparently being paid on an annual rather than hourly basis. Upon return from the meeting, the attending employee was required to prepare a report for circulation to the technical staff and to make available to it whatever technical and scientific material had been distributed.
Plaintiff and Jones were among the five chemists selected for the American Chemical Society annual meeting. It was their plan to fly from Newark Airport on the Sunday morning prior to the Monday start of the meeting in order to have a day of leisure in Las Vegas before the meetings commenced.
The issue before the trial judge was whether, in view of this factual complex, the trip to Las Vegas, including the drive to the airport, was within the definition of the so-called "going and coming" rule which was added to N.J.S.A. 34:15-36 by L. 1979, c. 283, § 12 and states:

*397 Employment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment excluding areas not under the control of the employer; provided, however, when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer.
The trial judge concluded that travel to the meeting was comprehended by the so-called special-mission provision of the definition pursuant to which an employee is deemed to be in the course of his employment when he is both required by the employer to be away from its place of employment and is then actually engaged in the direct performance of duties assigned or directed by the employer. We agree.
The Workers' Compensation Act, N.J.S.A. 34:15-1, et seq., was extensively revised in 1979 in order to reduce the costs of workers' compensation insurance by limiting the scope of compensable claims while at the same time providing greater benefits for seriously injured employees. See generally Perez v. Pantasote, Inc., 95 N.J. 105, 111-114 (1984). Among the perceived problems which the 1979 revision intended to address was the broad scope of judicially recognized exceptions to the common-law going and coming rule, which ordinarily excludes travel to and from work from the course of employment. See Watson v. Nassau Inn, 74 N.J. 155, 158-160 (1977) (discussing the rule and its "numerous exceptions"). See also Wyatt v. Metropolitan Maintenance Co., 74 N.J. 167, 174-175 (1977) (Schreiber, J., dissenting). The statutory formulation of the going and coming rule was added to N.J.S.A. 34:15-36 in order to impose upon off-site accidents a more restrictive standard of compensability. See the Joint Legislative Statement accompanying the introduction of L. 1979, c. 283, which explained that one of its purposes was to afford employers "* * * relief from *398 the far-reaching effect of the going and coming rule decisions by defining and limiting the scope of employment." See Ward v. Davidowitz, 191 N.J. Super. 518, 522 (App.Div. 1983). The formulation does not, however, exclude all travel from the scope of employment and, as we held in Nemchick v. Thatcher Glass Mfg. Co., 203 N.J. Super. 137, 142 (App.Div. 1985), it expressly retains the special-mission exception to the going and coming rule.
We concur in the trial judge's analysis in respect of the applicability of the special-mission exception here. There is no doubt, and indeed plaintiff concedes, that had he reached Las Vegas, his actual participation in the professional meeting would have been in the course of his employment since it would have constituted the direct performance of assigned duties while he was required by the employer to be away from its place of employment. It is true that plaintiff was not compelled to attend the meeting. But once he volunteered to go and the employer undertook to arrange and pay for him to go in order to obtain for itself the benefits accruing from the employee's participation, the employee's attendance was, in every real and practical sense, required by his employer. Thus, the sole question is whether the travel to the convention was also within the course of employment.
We think it obvious that paid travel to and from an out-of-state professional meeting is so integral to attending the meeting itself as to constitute a part of the overall special mission. See Nemchick, supra, 203 N.J. Super. at 142-143. And see 1 Larson, The Law of Workmen's Compensation, § 16.00 at 4-117 (1985). We reject, moreover, plaintiff's contention that the travel lost its classification as part of the special mission because he had planned a day of leisure upon arrival in Las Vegas. The statute, as we have noted, prescribes two conditions for application of the special-mission exception. First, the employee must be required to be away from the employer's premises and, second, while away he must be directly *399 performing his assigned duties. Clearly, an employee, during the period he is required to be away, may engage in pursuits not meeting the condition of direct performance of duty. Where he is so engaged, the special-mission exception may well not apply. See Mangigian v. Franz Warner Assoc., Inc., 205 N.J. Super. 422, 427-428 (App.Div. 1985). But the fact that there may be such periods during the special mission to which the exception will not apply cannot in the slightest affect the applicability of the exception when the employee is indeed performing his assigned duties.
Since both plaintiff and his coemployee were in the course of their employment when the accident occurred, we must conclude that plaintiff's tort action in negligence against his coemployee is barred. See N.J.S.A. 34:15-8. And see Wenner v. McEldowney & Co., 102 N.J. Super. 13, 17 (App.Div. 1968). We appreciate the hardship that this ruling may have on this plaintiff. But our ultimate obligation in dealing with the issue before us is to preserve the integrity of the workers' compensation law and to insure its interpretation and application in a manner consistent with its remedial and social purposes. That obligation requires the conclusion that the special-mission exception to the going and coming rule applies here.
Affirmed.