# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3530

_____

| | | |
|---|---|---|
| Thomas Cahalan, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeals From the United States |
| Donald Michael Rohan, | * | District Court for the |
| | * | District of Minnesota. |
| Defendant-Appellee, | * | |
| | * | |
| Daniel Joseph VonRuden, | * | |
| United Parcel Service, | * | |
| | * | |
| Defendants. | * | |

_____

04-3533

_____

| | |
|---|---|
| Thomas Cahalan, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| Donald Michael Rohan, | * |
| | * |
| Defendant-Appellant, | * |
| | * |
| Daniel Joseph VonRuden, | * |
| United Parcel Service, | * |

Submitted:  June 20, 2005
Filed:  September 9, 2005

_____

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

_____

HEANEY, Circuit Judge.

Thomas Cahalan, the injured passenger in a motor vehicle accident, appeals the district court's[1] dismissal of his claim, arguing that the court erred in finding the suit barred by the New Jersey Workers' Compensation Act (NJWCA).  Donald Michael Rohan, the driver of the vehicle, cross-appeals, claiming that the court abused its discretion by not dismissing Cahalan's claim with prejudice.  We affirm.

## BACKGROUND

Rohan and Cahalan were both employed by the New Jersey law firm McCarter and English.  In October of 1999, the firm was helping to administer a nationwide class action settlement.  Cahalan and Rohan were sent to Minnesota to instruct and supervise telephone operators answering settlement-related questions.  They were scheduled to remain in Fairbault, Minnesota, supervising the call center from October 25th through October 29th and had no specific work responsibility outside of the call center.  On October 25, 1999, Rohan and Cahalan were driving back to their hotel in the evening in Rohan's rented vehicle.  Rohan attempted to make a left turn when his view of oncoming traffic was partially obscured by a semi-tractor

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

trailer in the oncoming left turn lane. Rohan pulled out into the path of a United Parcel Service (UPS) van, which struck the passenger side of Rohan's vehicle, severely injuring Cahalan.

Following the accident, Cahalan sued UPS, the driver of the van, and Rohan, alleging that UPS and the driver of the van were directly and vicariously liable for his injuries, and that Rohan was negligent or grossly negligent in turning without observing approaching traffic. The district court granted UPS and the van driver's motion for summary judgment, holding that Cahalan failed as a matter of law to show that the van driver was negligent, and dismissed without prejudice the complaint against Rohan, finding that it was barred by the NJWCA. Cahalan appeals the dismissal of his claim against Rohan, asserting that the district court incorrectly interpreted New Jersey law. Rohan cross appeals, contending that the dismissal should have been with prejudice.

## ANALYSIS

In this diversity case, we review the district court's interpretation of New Jersey law de novo. Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991); Gosnell v. Mullenix, 11 F.3d 780, 781 (8th Cir. 1993). Workers' compensation provides an employee the exclusive remedy against an employer for injuries arising out of and during the course of employment. N.J. Stat. Ann. § 34:15-8. If an injury is compensable under workers' compensation in New Jersey, the injured employee may only recover from a fellow employee for intentional torts. N.J. Stat. Ann. § 34:15-8. New Jersey defines employment in its workers' compensation statute and addresses the scope of employment outside of the usual workplace:

> [W]hen the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer; but the

employment of employee paid travel time by an employer for time spent traveling to and from a job site or of any employee who utilizes an employer authorized vehicle shall commence and terminate with the time spent traveling to and from a job site or the authorized operation of a vehicle on business authorized by the employer.

N.J. Stat. Ann. § 34:15-36. The statute therefore creates three possible exceptions to the general rule that off-site injuries are not covered by workers' compensation: the "special mission," "travel time," and authorized vehicle exceptions. Zelasko v. Refrigerated Food Exp., 608 A.2d 231, 234 (N. J. Sup. Ct. 1992). We focus our attention on the special mission exception.[2]

The "special mission" exception applies to an employee required to work away from the normal place of employment and engaged in direct performance of the duties assigned by the employer. Id. Travel to and from a remote job site is "direct performance" of the job duties when the travel is an indispensable part of the mission. Id.; Ehrgott v. Jones, 506 A.2d 40, 43 (N.J. Super. Ct. App. Div. 1986) (holding that travel to an out-of-state professional meeting was integral to attending the meeting itself; thus travel to the airport was in the course of employment); Nemchick v. Thatcher Glass Mfg. Co., 495 A.2d 1372, 1375 (N.J. Super. Ct. App. Div. 1985) (employee's return home after overnight emergency assignment was an integral part of the assignment). Employees are not engaged in direct performance of their assigned duties, however, when they engage in personal errands in a remote location. E.g., Walsh v. Ultimate Corp., 555 A.2d 731 (N.J. Super. Ct. App. Div. 1989) (employee, injured on personal day trip while on assignment in Australia, was not engaged in direct performance of assignment, though he brought work that he intended to complete when he reached his destination); Mangigian v. Franz Warner

---

[2]While the travel time and automobile exceptions may also apply, the record is not entirely clear regarding the firm's reimbursement policy and the control of the rented automobile. The issue on appeal is sufficiently resolved without determining whether these exceptions are applicable.

Assoc., Inc., 501 A.2d 179, 180 (N.J. Super. Ct. App. Div. 1985) (employee on temporary assignment to another city was not performing job duties when leaving her motel to get dinner).

New Jersey has not addressed the precise situation presented by Cahalan: whether an employee's return trip from a remote work site to his hotel is covered by workers' compensation. Cahalan concedes that travel to an airport and flight to another city are indispensable to the assignment and therefore direct performance, but argues that the daily travel from a hotel to a remote location is more akin to a daily commute. We are not persuaded that the New Jersey legislature and New Jersey courts would apply a version of the general "coming and going" rule to situations in which an employee is temporarily assigned to a remote location. Rather, the special mission exception applies any time an employee is engaged in the direct performance of an assignment at a remote location. N.J. Stat. Ann. § 34:15-36. In our view, this includes the trip to and from their temporary homes. Accord Nemchick, 495 A.2d at 1375.

When leaving the call center, Cahalan argues that he and Rohan would have been free to travel elsewhere in the city for dinner or entertainment after leaving the call center; their return to the hotel, while foreseeable, was not integral to their assignment. This argument might be persuasive in the absence of contrary authority, but it is inconsistent with the New Jersey court's conclusion that the return home from a special mission is sufficiently inconvenient, disruptive, and substantial "to be viewed as an integral part" of the mission for the employer. Nemchick, 495 A.2d at 1375 (citation omitted) (noting that the disruption and inconvenience inherent in traveling unfamiliar routes in a remote location appears integral to the out-of-state mission); See also Mangigian, 501 A.2d at 182 (concluding that employee was not engaged in direct performance of her duties when leaving to get dinner after she had "fully completed her work assignment and was safely ensconced in the motel"). Rohan and Cahalan had not yet returned to their hotel, and although they were free

to pursue other activities, they did not choose to do so. We conclude that Cahalan and Rohan were still engaged in the direct performance of their duties under New Jersey law at the time of the accident. Therefore, the accident, and Cahalan's injuries, are covered by the NJWCA and Cahalan's suit is barred.

The district court dismissed Cahalan's claims without prejudice, apparently to allow him to pursue a claim based on the theory that the Minnesota Workers' Compensation Act, Minn. Stat. §§ 176.001-.86, applies to his injuries. The decision to grant a voluntary dismissal is left to the discretion of the district court, Bodecker v. Local Union No. P-46, 640 F.2d 182, 186 n.5 (8th Cir. 1981), based on its evaluation of factors such as the reasons for seeking the dismissal, whether the result would be a waste of judicial time and effort, and whether the dismissal will prejudice the defendants. A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). In this case, Cahalan is not seeking to avoid an adverse judgment or bring the same claim in a more favorable forum; he is attempting to preserve a similar, but distinct claim under the Minnesota Workers' Compensation Act.[3]

Cahalan has received benefits under the New Jersey Workers' Compensation Act; however, Minnesota law provides Cahalan the option of filing claim for benefits under the Minnesota Workers' Compensation Act even after he has received benefits pursuant to the laws of another state.[4] Cahalan's claim is not barred by the applicable

---

[3]The court did not make any ruling determining whether New Jersey or Minnesota law applied to Cahalan's claim; the parties apparently proceeded on the assumption that New Jersey law applied.

[4]Minnesota recognizes that

an injured employee may secure workmen's compensation benefits in one of several forums, including the state . . . where the employment

-6-

time limitations within the statute. <u>See</u> Minn. Stat. § 176.151. Because Cahalan retains the option of electing Minnesota workers' compensation benefits, and because the district court did not reach a judgment on the merits or decide the choice of law question, we conclude that the court did not abuse its discretion in dismissing the claim against Rohan without prejudice.

## CONCLUSION

We find no error in the district court's conclusion that Cahalan's claim was barred by the NJWCA. As to the defendant's cross appeal, claiming that the court

---

relation existed by reason of localization of the employer's business, and the state where the contract was made, since any of these states has a sufficient interest in the work injury to justify application of its own law.

<u>Houle v. Stearns-Rogers Mfg. Co.</u>, 157 N.W.2d 362, 365 (Minn. 1968) (holding that employee injured in South Dakota while employed by a Minnesota company could claim Minnesota workers' compensation benefits, even though he had collected benefits in South Dakota and signed an agreement releasing the company from all future claims). Under current Minnesota law, an employee who is normally employed out of state by an out-of-state employer will be covered by Minnesota workers' compensation if he is injured within the state and "chooses to forgo any workers' compensation claim resulting from the injury" that the employee might be entitled to in another state. Minn. Stat. § 176.041, subd. 4. The Minnesota Supreme Court, interpreting this language, held that "[m]ere acceptance of the [other state's] benefits is not equivalent to a choice of that law on the part of the employee or to his pursuing a claim for benefits in that state." <u>Stolpa v. Swanson Heavy Moving Co.</u>, 315 N.W.2d 615, 617 (Minn. 1982). The court held that the statute "permits an injured employee, in spite of his acceptance of compensation voluntarily paid . . . pursuant to the laws of another state, to make an affirmative election of Minnesota coverage by filing a claim petition in this state after obtaining legal advice concerning his rights." <u>Id.</u> An employee will not obtain an excessive recovery because "any benefits voluntarily paid him pursuant to the laws of another state can be deducted from the compensation awarded in a proceeding in Minnesota." <u>Id.</u> at 618.

should have dismissed Cahalan's claim with prejudice, the court was within its discretion in allowing Cahalan to pursue his theory that Minnesota, rather than New Jersey Workers' Compensation law applied to the case.  Therefore, we affirm.

_____