**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3206-22

ALBERT TERHUNE, JR.,

     Petitioner-Respondent,

v.

PORT AUTHORITY OF NEW
YORK AND NEW JERSEY,

     Respondent-Appellant.

_____

Argued April 23, 2024 – Decided May 8, 2024

Before Judges Enright, Paganelli and Whipple.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2014-1026.

Christine Suzanne Diana argued the cause for appellant (Jones Jones LLC, attorneys; Christine Suzanne Diana and Kristina M. Jones, on the briefs).

Kenneth Kovalcik argued the cause for respondent (Livingston Dimarzio Brown LLP, attorneys; Kenneth Kovalcik and Craig H. Livingston, on the brief).

PER CURIAM

The Port Authority of New York and New Jersey (Port Authority) appeals from the May 24, 2023 final agency decision of the New Jersey Department of Labor and Workforce Development Division of Workers' Compensation. We affirm.

Petitioner Albert Terhune Jr. has been working for Port Authority since 2007; his responsibilities include responding to all major accidents, spills, and containing spills.

On December 14, 2013, petitioner reported for mandatory snow duty at 7 a.m. As part of snow duty, he had to stay at the assigned Marriot Hotel for twelve hours and then work twelve hours of snow removal. He was to be compensated for the entire twenty-four-hour shift. Petitioner went into the hotel, had breakfast, then exercised at the gym as per his physician's advice. Petitioner had a pre-existing back injury which required light exercise as part of his rehabilitation.

After using the gym, petitioner changed into his swim trunks and headed to the pool. Petitioner testified, as he was "entering the pool, [he] stepped on the first step, which was actually pretty slippery, slimy [and] [he] went flying in the air, land[ing] on [his] back." Petitioner called his general supervisor, who advised him to fill out an accident report. Petitioner was taken to Trinitas

Hospital in Elizabeth, where x-rays were taken. He was given crutches and pain killers, and taken back to the hotel. Upon his return to the hotel, he went back home as he was unable to work.

On January 5, 2014, petitioner filed a claim petition with the Port Authority, which Port Authority denied, asserting the accident did not arise out of petitioner's employment. After a bifurcated trial, the judge of compensation found petitioner's testimony consistent, credible and unrebutted by Port Authority. During the compensability phase of the trial, she also found petitioner was at the Marriot Hotel on the day of his accident to fulfill his snow duty as required by Port Authority and was transported to the hotel by Port Authority. Further, the judge concluded Port Authority gave all employees meal vouchers and additionally paid their expenses, including the hotel stay. The judge found the order to stay at the hotel was for the purpose of facilitating the employer's snow removal policy, which constituted a special mission. She concluded the accident occurred when petitioner was engaged in the performance of his duties and while in the course of his employment for Port Authority.

The second phase of the bifurcated trial addressed the nature and extent of petitioner's injuries. After petitioner testified about his injuries, the judge

3

found the facts of the case were, for the most part, undisputed. She then entered a final decision and judgment for seventy-five percent of permanent partial total disability on May 24, 2023.

On appeal, Port Authority's arguments are limited to compensability. It contends that petitioner was not on a "special mission" within the meaning of N.J.S.A. 34:15-36, because he was not "in direct performance of his job while his accident occurred." It also argues the special mission was not "designed to afford the worker greater protection than an on-site worker who was performing his or her job duties." Instead, it contends that whether petitioner was on a special mission is determined by whether the employee had embarked on a personal errand—that would have been compensable if carried out by an on-premises employee—as opposed to direct performance of his duties. These arguments are unavailing.

"Courts generally give substantial deference to administrative determinations." Lapsley v. Twp. of Sparta, 249 N.J. 427, 434 (2022) (citations omitted). In workers' compensation cases, our review is limited to "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge their

4

credibility." Keim v. Above All Termite & Pest Control, 256 N.J. 47, 55 (2023) (citing Lapsley, 249 N.J. at 434). However, questions of law, such as whether the petitioner's accident was within the scope of the workers' compensation coverage, are reviewed de novo with no special deference to the fact finder. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

N.J.S.A. 34:15-36 was amended in 1979 to restrict the previously broad coverage. An employee who suffers injury that arose out of and in the course of his employment can recover workers' compensation benefits. N.J.S.A. 34:15-1. The statute defines "employment" as commencing "when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment." N.J.S.A. 34:15-36. The statute also provides, "when the employee is required by the employer to be away from the employer's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the direct performance of duties assigned or directed by the employer." Ibid. (emphasis added). While this appeal was pending, the Supreme Court decided Keim, which clarified the requirements covering compensability of injuries sustained outside of the employee's regular workplace. 256 N.J. at 61. The "special mission rule" covers workers'

A-3206-22

compensation claims by employees who have been assigned by their employer to complete work away from the employer's place of employment. Id. at 58; N.J.S.A. 34:15-36.

N.J.S.A. 34:15-7 states an injured employee is entitled to recover workers' compensation if the injury "aris[es] out of and in the course of employment." An injury arises "out of" employment if there is "a causal connection [that] exists between the employment and the injury." Prettyman v. State, 298 N.J. Super. 580, 591 (App. Div. 1997). "[T]he 'course of employment' portion [entails] the time, place, and circumstances of the accident in relation to the employment." Coleman v. Cycle Transformer Corp., 105 N.J. 285, 288 (1986). To decide whether the accident arose "out of and in the course of employment," courts assess a series of factors such as:

> (a) the customary nature of the activity; (b) the employer's encouragement or subsidization of the activity; (c) the extent to which the employer managed or directed the recreational enterprise; (d) the presence of substantial influence or actual compulsion exerted upon the employee to attend and participate; and (e) the fact that the employer expects or receives a benefit from the employee's participation in the activity.
>
> [Lozano v. Frank Deluca Constr., 178 N.J. 513, 523 (2004) (citations omitted).]

However, "[w]hether an employee is deemed within the course of employment must be resolved on a case-by-case basis." Nemchick v. Thatcher Glass Mgf. Co., 203 N.J. Super. 137, 143 (App. Div. 1985). "Employees who are where they are supposed to be, doing what they are supposed to be doing, are within the course of employment whether on- or off-premises." Jumpp v. City of Ventnor, 177 N.J. 470, 483 (2003). "The 'special mission rule' allows for compensation when employees are 'required to be away from the conventional place of employment[,] if actually engaged in the direct performance of employment duties.'" Keim, 256 N.J. at 59 (quoting Zelasko v. Refrigerated Food Express, 128 N.J. 329, 336 (1992)). We have found circumstances like paid travel to and from out of state professional meetings to be covered under a special mission. See Ehrgott v. Jones, 208 N.J. Super. 393, 398 (App. Div. 1986).

Petitioner's performance and attendance here was directed by his employer and was not a personal errand or recreational. First, he was in direct performance of his assigned duty. As the judge found, petitioner was mandated by Port Authority to report to the facility at 7 a.m. to begin snow removal duty. This directive to be at the hotel satisfies the "course of employment" requirement

A-3206-22

of the special mission rule, as he had to be at the hotel at Port Authority's request and was on shift for snow removal.

Additionally, there was a compulsion to participate, supporting that this off-premises job fell within the special mission rule. Petitioner could not select another hotel; he was only authorized by Port Authority to be at the hotel with its existing amenities. The duty assigned by Port Authority was that he be in the hotel, waiting for the actual snow removal shift.

Petitioner was also transported to the hotel by Port Authority in a Port Authority vehicle. The individuals called in for snow duty, including petitioner, were paid for twenty-four hours, though during half of the shift, they were to be in the hotel and during the other twelve hours, they were to be engaged in snow removal. All the employees received meal vouchers, and Port Authority paid for all expenses, including the hotel stay.

Petitioner was "where [he was] supposed to be, doing what [he was] supposed to be doing"—which was waiting for his shift in the mandated hotel— and was "within the course of employment." Cooper v. Barnickel Enters., 411 N.J. Super. 343, 347 (App. Div. 2010) (citations omitted). He was on duty at the time of the accident because his employer did not permit him to leave his shift at the hotel.

Moreover, Port Authority obtained the benefits of petitioner's participation in snow removal. Port Authority's ability to have nearby and on-call employees at the ready for snow removal demonstrates the clear benefit.

Port Authority argues petitioner was engaged in a recreational activity at the time of his fall and per the workers' compensation statute, activities that are recreational, are not compensable "unless such recreational or social activities are a regular incident of employment and produce a benefit to the employer beyond improvement in employee health and morale." N.J.S.A. 34:15-7. We reject this argument. The recreational activity argument was not raised below, and "[i]ssues not raised below will ordinarily not be considered on appeal unless they are jurisdictional or implicate a substantial public interest," neither of which apply here. Comm. Hosp. Group, Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127-28 (App. Div. 2005). Additionally, we also reject this argument because the court determined petitioner was engaged in the course of his employment while injured, and established he was compelled to be there and there was a benefit to Port Authority. The court did not address nor need to reach the recreational activity exception because there was sufficient evidence to support petitioner was engaged in the course of employment while injured and, established he was

compelled to be there, with a clear benefit to Port Authority. Lastly, we have found that compulsion can be an instance in which an activity can be "removed from the social or recreational activity label." See Goulding v. N.J. Friendship House, Inc., 245 N.J. 157, 174 (2021).

Any remaining arguments raised by the appellant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3206-22