<div style="border:1px solid">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1627-23

JOSEPH VOLA,

     Petitioner-Respondent,

v.

CITY OF NORTHFIELD,

     Respondent-Respondent.

_____

JOSEPH VOLA,

     Petitioner-Respondent,

v.

ASPLUNDH TREE EXPERT,

     Respondent-Appellant.

_____

Submitted December 17, 2024 – Decided May 14, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Division of Workers' Compensation, Department of Labor and Workforce

Development, Claim Petition Nos. 2021-8238 and 2021-27176.

Del Collo & Mazzanti, LLP, attorneys for appellant (Joel M. Klock on the brief).

Pietras Saracino Smith & Meeks, LLP, attorneys for respondent City of Northfield (James G. Pietras, of counsel and on the brief; Amanda N. Toto, on the brief).

PER CURIAM

Asplundh Tree Experts (Asplundh) appeals from the December 22, 2023 order of the Division of Workers' Compensation that denied its motion to dismiss Joseph Vola's claim petition. We discern the following, largely undisputed facts from the record.

Police Officer Joseph Vola, employed with the Northfield Police Department, filed a workers' compensation claim petition (2021-8238) against the City of Northfield for injuries he sustained on March 31, 2021. On that day, Vola reported to the police station for the volunteer extra traffic duty assignment, checked out a police car, and then drove to the intersection at Burton Avenue and Jack Sloane Court to meet the Asplundh trucks and other police detail cars. As Vola attempted to make a K-turn to follow the Asplundh trucks, he was struck by another car and severely injured. Vola later filed a companion

claim petition (2021-27176) against Asplundh as a joint employer and pursuant to the special mission doctrine for the same automobile accident.

In its answer, Asplundh denied it was a joint employer and subsequently moved to dismiss Vola's petition. Northfield opposed the motion, arguing Asplundh was a joint and several employer and owed contribution to Northfield's liability for injuries sustained by Vola.

In a December 2, 2022 order approving settlement, Vola was determined to be 25% of partial total, with a credit of 12.5% of partial total against the award for pre-existing functional loss for the lumbar spine injuries incurred because of the March 31, 2021 accident. On June 2, 2023, Vola then filed an application for a review or modification of the order approving settlement, asserting he experienced a material worsening of his compensable injury and needed further medical treatment.

Following oral argument, on December 15, 2023, the workers' compensation judge issued an order denying Asplundh's motion to dismiss. In a succinct memorandum of decision that accompanied the order, the judge considered whether, based on the facts, joint employment liability was established under Domanoski v. Borough of Fanwood and the special mission doctrine. 237 N.J. Super. 452, 456 (App. Div. 1989).

3

The judge reviewed the terms of Vola's extra duty assignment with Asplundh as defined in Northfield's municipal code. Specifically, under § 330-35, which required payment by Asplundh for traffic control services provided by Vola, as well as the indemnification, hold harmless and defend provisions, and the contractor's liability insurance agreement executed between Northfield and Asplundh pursuant to § 330-36 and § 330-37.[1]

The judge determined,

> This is not the usual coming or going scenario for which pre-employment travel might be deemed beyond the scope of a [r]espondent's liability. Rather, under the terms and design of this extra-duty assignment, one or both [Northfield and Asplundh] was obligated for injuries incurred by [Vola] from the moment he pulled out of the police headquarters with his marked patrol vehicle en route to the first or any of the tree-trimming assignments that day.

The judge reasoned,

> Under the terms of the ordinance and the indemnification and hold harmless agreement executed between Northfield and Asplundh pursuant thereto, [Northfield] could have sought to shift its entire liability to [Vola] under the December 2, 2022, Order Approving Settlement to Asplundh. [Northfield's]

---

[1] Under § 330-36, Asplundh was required to add Northfield, as an additional insured, to its certificate of insurance. In addition, § 330-37 required an indemnification and hold harmless agreement in favor of Northfield against any claims or action brought because of the use of Northfield's officers by contractors.

election to seek instead 50% percent contribution for its damages under [Vola's] compensation claim is thus supported by the terms of the municipal ordinance, the indemnification and hold harmless agreement, and the case law governing this joint employment.

The order denying Asplundh's motion stated it was a "joint special employer" of Vola for the injuries sustained in the accident of March 31, 2021. Asplundh was ordered to reimburse Northfield $30,984.62 on 2021-83238, for all benefits paid to Vola through the order approving settlement entered on December 2, 2022. This appeal followed.

Before us, Asplundh argues the workers' compensation judge erred in finding it was a "joint special employer." It asserts no employment relationship existed with Vola because (1) there was no employment contract between Vola and Asplundh, (2) he was not paid wages by Asplundh, (3) the special extra-duty traffic assignment was made by Northfield, and (4) Vola did not interact with Asplundh's employees at the job site. After reviewing the record in view of the applicable legal principles and the parties' arguments, we reject Asplundh's contentions substantially for the reasons expressed by the judge in his cogent written opinion of the December 15, 2023 order. We add the following comments.

Our scope of appellate review of workers' compensation cases is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). "Deference must be accorded [to] the factual findings and legal determinations made by the [workers' compensation judge] unless they are '"manifestly unsupported by or inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice."'" Id. at 262-63 (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994)). However, "[w]e owe no particular deference to the judge of compensation's interpretation of the law" and those legal findings are reviewed de novo. Marconi v. United Airlines, 460 N.J. Super. 330, 337 (App. Div. 2019) (quoting Sexton v. Cnty. of Cumberland/Cumberland Manor, 404 N.J. Super. 542, 548 (App. Div. 2009)); see also In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020) (explaining agency's interpretation of a statute is reviewed de novo).

Asplundh appeals from the order determining it is a joint special employer, yet it neither addresses the special mission doctrine in its merits brief

6

nor in its reply brief in response to the issue raised by Northfield. Thus, the issue is deemed waived. R. 2:6-2(a)(5); N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal."); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025).

Nonetheless, for the sake of completeness, we address the special mission doctrine. It is well established that only those employees injured in accidents "aris[ing] out of and in the course of employment" are entitled to workers' compensation benefits. Marconi, 460 N.J. Super. at 337 (quoting N.J.S.A. 34:15-7). However, the special mission exception allows for compensation occurring outside the workplace when the employee is "required to be away from the conventional place of employment[,] if actually engaged in the direct performance of employment duties." Id. at 340 n.8 (alteration in original) (quoting Zelasko v. Refrigerated Food Express, 128 N.J. 329, 336 (1992)). For travel time to be included as part of this special mission, the travel must be "so integral" to the job itself so as to constitute "a part of the overall mission." Ehrgott v. Jones, 208 N.J. Super. 393, 398 (App. Div. 1986).

In Keim v. Above All Termite & Pest Control, the New Jersey Supreme Court clarified the requirements of the employee's ability to recover

compensable injuries sustained outside of the employer's premises. The Court held that an employee is "'in the course of employment' when (1) the employer authorizes a vehicle for operation by the employee, and (2) the employee's operation of that identified vehicle is for business expressly authorized by the employer." 256 N.J. 47, 62 (2023).

Here, the judge concluded Vola was acting within the course and scope of his employment at the time the automobile accident occurred. We agree with the workers' compensation judge that Vola was driving while in the course and scope of his employment "from the moment he pulled out of the police headquarters with his marked patrol vehicle en route to the first or any of the tree-trimming assignments that day." The fact that Vola did not arrive at the deployment area because of the accident does not alter the purpose for his travel and his assignment. Based on the principles articulated in <u>Keim</u>, we are convinced Vola's injuries are compensable under the special mission doctrine.

We next address the sole issue raised on appeal by Asplundh, whether it is joint employer with Northfield. We reject Asplundh's argument it was not a joint special employer with Northfield and <u>Domanoski</u> is factually distinguishable. 237 N.J. Super. at 456. We conclude the workers' compensation judge appropriately relied on <u>Domanoski</u> in determining Vola was

A-1627-23

jointly employed by Northfield and Asplundh on the day of the accident. The judge's decision is supported by sufficient, credible evidence in the record that Vola was a dual employee of Northfield and Asplundh. Similar to Domanoski, Vola served the public interest of Northfield to ensure the safe and expeditious movement of traffic and the private interest of protecting Asplundh employees. Id. at 455-56. Additionally, pursuant to the signed indemnification and hold harmless agreement, both employers were obligated to share the expense of workers' compensation benefits for Vola.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hawley

Clerk of the Appellate Division